UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JERRY BONNETT,
individually and on behalf of
all others similarly situated,

    Plaintiff,                    CASE NO. 17-cv-1742

    v.

UNIVERSAL METRICS, INC.,

    Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Jerry Bonnett, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, hourly employees of Defendant Universal Metrics, Inc. (hereinafter "Universal Metrics") at times since December 13, 2014. Universal Metrics has a common policy and practice of impermissibly rounding the start and end times of its hourly employees' work hours so as to deny such employees for compensation for all hours worked. Additionally, since December 13, 2014, Universal Metrics failed to properly calculate the regular rate for purposes of calculating overtime premium compensation by failing to include shift differentials and other similar payments. As a result, Universal Metrics has denied Plaintiff Jerry Bonnett and the putative class members of overtime pay in violation of the Fair Labor Standards Act of 1938, as amended

("FLSA") as well as overtime pay and agreed-upon wages in violation of Wisconsin law.

2. Universal Metrics, Inc., is a metal fabrication company that features job-shop creativity combined with manufacturing capabilities. Universal Metrics' corporate facility is located in Menomonee Falls, Wisconsin.

3. Plaintiff Jerry Bonnett brings this action, individually and on behalf of other similarly situated current and former hourly employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Jerry Bonnett also brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq.*

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant Universal Metrics has substantial and systematic contacts in this district.

## PARTIES

7. Defendant Universal Metrics, Inc. is a Wisconsin Corporation with a principal place of business located at N60 W16590 Kohler Lane, Menomonee Falls, Wisconsin 53051. Universal Metrics' registered agent for service of process in the State of Wisconsin is Steven K. Krueger located at N60 W16590 Kohler Lane, Menomonee Falls, Wisconsin 53051.

8. Plaintiff Jerry Bonnett is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Bonnett is a former employee of Universal Metrics who worked as a 2nd Shift Lead and Painter from June 20, 2016 until approximately August 31, 2017. Plaintiff Bonnett's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

9. Plaintiff Bonnett brings this action individually and on behalf of the Collective Rounding Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Rounding Class** is defined as follows:

> All persons who are or have been employed by Universal Metrics at its Menomonee Falls, Wisconsin location and who were paid on an hourly basis at any time since December 13, 2014.

10. Plaintiff Bonnett brings this action individually and on behalf of the Wisconsin Rounding Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rounding Class** is defined as follows

> All persons who are or have been employed by Universal Metrics at its Menomonee Falls, Wisconsin location and who were paid on an hourly basis at any time since December 13, 2015.

11. The FLSA Rounding Class and the Wisconsin Rounding Class will collectively be referred to as the "Rounding Classes" hereinafter.

12. Plaintiff Bonnett brings this action individually and on behalf of the Collective Regular Rate Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Regular Rate Class** is defined as follows:

> All persons who are or have been employed by Universal Metrics at its Menomonee Falls, Wisconsin location, who were paid on an hourly basis, and who received a shift premium or similar payment in addition to their hourly rate at any time since December 13, 2014.

13. Plaintiff Bonnett brings this action individually and on behalf of the Wisconsin Rounding Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Regular Rate Class** is defined as follows:

> All persons who are or have been employed by Universal Metrics at its Menomonee Falls, Wisconsin location, who were paid on an hourly basis, and who received a shift premium or similar payment in addition to their hourly rate at any time since December 13, 2015.

14. The FLSA Regular Rate Class and the Wisconsin Regular Rate Class will collectively be referred to as the "Regular Rate Classes" hereinafter.

## GENERAL ALLEGATIONS

15. Plaintiff Bonnett, the Collective Rounding Class, and the Collective Regular Rate Class work, or have worked, for Universal Metrics as hourly employees at times since December 13, 2014.

16. Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class work, or have worked, for Universal Metrics as hourly employees at Universal Metrics' Milwaukee, Wisconsin location at times since December 13, 2015.

17. Universal Metrics is a metal fabrication company.

18. Since December 13, 2015, Universal Metrics, Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class have agreed to specific hourly rates for all hours worked, which were to be paid to Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class in exchange for their hours worked each workweek for Universal Metrics.

19. Since December 13, 2014, Universal Metrics has implemented a time clock rounding policy applicable to Plaintiff Bonnett and the Rounding Classes where hourly employees' start times were rounded to the next fifteen-minute increment.

20. Since December 13, 2014, Universal Metrics has implemented a time clock rounding policy applicable to Plaintiff Bonnett and the Rounding Classes

where hourly employees' end times were rounded to the previous fifteen-minute increment.

21. Under Universal Metrics' time clock rounding policy, Universal Metrics rounded its employees start and end times to fifteen-minute intervals, but not to the nearest fifteen-minute interval, despite the fact that employees performed compensable work during the period of time which was rounded.

22. Under Universal Metrics' time clock rounding policy, Universal Metrics rounded its employees start and end times only in Universal Metrics' favor.

23. As an example, under Universal Metrics' impermissible time clock rounding policy, if an employee punched in at 5:02, Universal Metrics would round up to 5:15. If the employee punched in 4:48, Universal Metrics would round up to 5:00.

24. Likewise, under Universal Metrics' impermissible time clock rounding policy, if an employee punched out at 3:14, Universal Metrics would round back to 3:00. If an employee punched out at 3:22, Universal Metrics would round back to 3:15.

25. Furthermore, under Universal Metrics' impermissible time clock rounding policy, if any employee punches in exactly at their start time, Universal Metrics docks their employees fifteen minutes of pay.

26. Since December 13, 2014, Universal Metrics has suffered or permitted Plaintiff Bonnett to regularly work more than forty hours during workweeks in which Universal Metrics applied its time clock rounding policy.

27. Since December 13, 2014, Universal Metrics has suffered or permitted the Rounding Classes to work more than forty hours during workweeks in which Universal Metrics applied its time clock rounding policy.

28. As a result of applying this time clock rounding policy, Universal Metrics improperly denied Plaintiff Bonnett and the Rounding Classes of compensation at one and one-half times their respective regular rates for all hours worked in excess of forty in many workweeks since December 13, 2014.

29. Since December 13, 2014, Universal Metrics' application of its time clock rounding policy resulted in employees, including Plaintiff Bonnett and the Rounding Classes, being suffered or permitted to perform work for Universal Metrics without compensation at their agreed-upon hourly rates.

30. Universal Metrics' impermissible time clock rounding policy consistently operated to the disadvantage of Universal Metrics' employees.

31. Since December 13, 2014, Universal Metrics' uniform policy and practice has been to exclude shift premium, bonuses, and other similar forms of payment, from the respective regular rates of Plaintiff Bonnett and the Regular Rate Classes' for purposes of paying overtime compensation.

32. As a result of Universal Metrics' uniform policy and practice of excluding shift premium, bonuses, and other similar forms of payments from Plaintiff Bonnett and the Regular Rate Classes' members' regular rates, Universal Metrics has failed to compensate Plaintiff Bonnett and the Regular Rate Classes at

one and one-half times their respective regular rates for all hours worked in excess of forty in a given workweek at time since December 13, 2014.

33. Universal Metrics' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Bonnett, the Rounding Classes, and the Regular Rate Classes.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

34. Plaintiff Bonnett, the Collective Rounding Class, and the Collective Regular Rate Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Universal Metrics' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff Bonnett as stated herein are the same as those of the Collective Rounding Class and the Collective Regular Rate Class.

35. The FLSA Section 216(b) Collective Rounding and Regular Rate Class' members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Universal Metrics. Notice can be provided to the Collective Rounding and Collective Regular Rate Classes via first class mail to the last address known to Universal Metrics and through postings at Universal Metrics' facility in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

36. Plaintiff Bonnett brings his Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Rounding Class for violations occurring on or after December 13, 2015 (the "Wisconsin Rounding Class Period").

37. Plaintiff Bonnett brings his Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Regular Rate Class for violations occurring on or after December 13, 2015 (the "Wisconsin Regular Rate Class Period").

38. The proposed Wisconsin Rounding Class' members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Universal Metrics, upon information and belief, there are at least forty members in the Wisconsin Rounding Class.

39. The proposed Wisconsin Regular Rate Class' members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Universal Metrics, upon information and belief, there are at least forty members in the Wisconsin Regular Rate Class.

40. Plaintiff Bonnett's claims are typical of those claims that could be alleged by any member of the Wisconsin Rounding Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Rounding Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of Universal Metrics and Universal Metrics benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Rounding Class. Plaintiff Bonnett and the other members of the Wisconsin Rounding Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

41. Plaintiff Bonnett's claims are typical of those claims that could be alleged by any member of the Wisconsin Regular Rate Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Regular Rate Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of Universal Metrics and Universal Metrics benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Regular Rate Class. Plaintiff Bonnett and the other members of the Wisconsin Regular Rate Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

42. Plaintiff Bonnett is able to fairly and adequately protect the interests of the Wisconsin Rounding Class, has no interests antagonistic to the Wisconsin Rounding Class, and has retained counsel experienced in complex wage and hour class action litigation.

43. Plaintiff Bonnett is able to fairly and adequately protect the interests of the Wisconsin Regular Rate Class, has no interests antagonistic to the Wisconsin Regular Rate Class, and has retained counsel experienced in complex wage and hour class action litigation.

44. These are questions of fact and law common to the Wisconsin Rounding Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Universal Metrics' actions include, without limitation, the following:

   a) Whether Universal Metrics' rounding policy violated Wisconsin's wage laws;

   b) Whether Universal Metrics failed to pay the Wisconsin Rounding Class for all work Universal Metrics suffered or permitted Plaintiff Bonnett and the Wisconsin Rounding Class to perform; and

   c) The nature and extent of class-wide injury and the measure of damages for the injury.

45. These are questions of fact and law common to the Wisconsin Regular Rate Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Universal Metrics' actions include, without limitation, the following:

   a) Whether Universal Metrics' practice of failing to include the shift premium, bonus, and other similar payments in the regular rates of the Wisconsin Regular Rate Class violated Wisconsin's wage laws; and

   b) The nature and extent of class-wide injury and the measure of damages for the injury.

46. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and

hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

47. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

48. Plaintiff Bonnett, individually and on behalf of the Collective Rounding Class and the Collective Regular Rate Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

49. Since December 13, 2014, Plaintiff Bonnett, the Collective Rounding Class, and the Collective Regular Rate Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.*

50. Since December 13, 2014, Universal Metrics has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

51. Since December 13, 2014, Plaintiff Bonnett, the Collective Rounding Class, and the Collective Regular Rate Class have been employees within the meaning of 29 U.S.C. § 203(e).

52. Since December 13, 2014, Universal Metrics has been an employer of Plaintiff Bonnett, the Collective Rounding Class, and the Collective Regular Rate Class as provided under 29 U.S.C. § 203(d).

53. Since December 13, 2014, Universal Metrics has violated the FLSA by failing to pay overtime compensation due to Plaintiff Bonnett, the Collective Rounding Class, and the Collective Regular Rate Class for each hour worked in excess of forty hours in any given workweek.

54. Plaintiff Bonnett, the Collective Rounding Class, and the Collective Regular Rate Class are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Universal Metrics acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

55. Alternatively, should the Court find that Universal Metrics did not act willfully in failing to pay overtime premium wages, Plaintiff Bonnett, the Collective Rounding Class, and the Collective Regular Rate Class are entitled to an award of pre-judgment interest at the applicable legal rate.

56. Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Agreed-Upon Wages and Overtime

57. Plaintiff Bonnett, individually and on behalf of the Wisconsin Rounding Class and Wisconsin Regular Rate Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

58. Since December 13, 2015, Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

59. Since December 13, 2015, Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

60. Since December 13, 2015, Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

61. Since December 13, 2015, Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

62. Since December 13, 2015, Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

63. Since December 13, 2015, Universal Metrics was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

64. Since December 13, 2015, Universal Metrics was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

65. Since December 13, 2015, Universal Metrics was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

66. Since December 13, 2015, Universal Metrics was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

67. Since December 13, 2015, Universal Metrics was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

68. Since December 13, 2015, Universal Metrics has employed, and/or continues to employ Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

69. Since December 13, 2015, Universal Metrics has employed, and/or continues to employ Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

70. Since December 13, 2015, Universal Metrics has employed, and/or continues to employ Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

71. Since December 13, 2015, Universal Metrics has employed, and/or continues to employ Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

72. Since December 13, 2015, Universal Metrics has employed, and/or continues to employ Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

73. Since December 13, 2015, Plaintiff Bonnett and the Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

74. Since December 13, 2015, Universal Metrics had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class overtime wages for all hours worked in excess of forty hours in a given workweek.

75. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

76. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime, and agreed upon wages.

77. As set forth above, Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class have sustained losses in their compensation as a proximate result of Universal Metrics' violations. Accordingly, Plaintiff Bonnett, individually and on behalf of the Wisconsin Rounding Class and the Wisconsin Regular Rate Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Universal Metrics to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

78. Under Wis. Stat. §109.11, Plaintiff Bonnett, the Wisconsin Rounding Class, and the Wisconsin Regular Rate Class may be entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

79. Plaintiff Bonnett, individually and on behalf of the Wisconsin Rounding Class and Wisconsin Regular Rate Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Universal Metrics, pursuant to the Wisconsin law.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Bonnett, individually and on behalf of all members of the Rounding Classes and Regular Rate Classes hereby requests the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the Collective Rounding Class and the Collective Regular Rate Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Rounding Class and Wisconsin Regular Rate Class;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An order designating Plaintiff Jerry Bonnett as the Named Plaintiff and as representative of the Rounding Classes and Regular Rate Classes set forth herein;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Universal Metrics' actions as described in

the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

g) An Order finding that Universal Metrics violated the FLSA and Wisconsin wage and hour law;

h) An Order finding that these violations are willful;

i) Judgement against Universal Metrics in the amount equal to the Plaintiff's, the Collective Rounding Class', the Collective Regular Rate Class', the Wisconsin Rounding Class', and the Wisconsin Regular Rate Class ' unpaid wages at the applicable agreed-upon wage, overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 13th day of December 2017.

Respectfully submitted,

*s/ Larry A. Johnson*
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953
Claire Roehre
Bar Number 1103202
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442

Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com