IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JERRY BONNETT,
individually and on behalf of
all others similarly situated,
          Plaintiffs,

v.

UNIVERSAL METRICS, INC.,
          Defendant.

Case No. 17-CV-1742

JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

Plaintiff Jerry Bonnett ("Bonnett"), individually and on behalf of the potential Opt-In Plaintiffs and the putative Class Members, by and through his attorneys, Hawks Quindel, S.C., by Larry Johnson, Summer Murshid, and Tim Maynard, and Defendant Universal Metrics, Inc. ("UMI") by and through its attorneys, Niebler, Pyzyk, Carrig, Jelenchick & Hanley LLP, by Matthew R. Jelenchick and James J. Carrig, submit this Joint Motion for Preliminary Approval of Class and Collective Action Settlement. Bonnett and UMI ("the Parties"), through negotiation and use of a third party mediator, reached a settlement in this case on May 30, 2018 on a class-wide basis. In connection with this settlement, the Parties respectfully move the Court for the following:

    1.    an Order preliminarily approving the Settlement Agreement attached as Exhibit 1 (ECF No. 20-1) to this Motion as fair, reasonable, and adequate;

2. an Order granting the Parties' Joint Stipulation to Certify a Collective Action Pursuant to 29 U.S.C. § 216(b) and to Certify a Class Action Pursuant to Fed. R. Civ. P. 23 (ECF No. 21);

3. an Order appointing Jerry Bonnett as Class Representative for the 29 U.S.C. § 216(b) collective class and Fed. R. Civ. P. 23 class;

4. an Order appointing Hawks Quindel, S.C. as Class Counsel pursuant to Fed. R. Civ. P. 23(g);

5. an Order approving the Notice of Class Action Settlement and the Consent in the form of Exhibit B to the Settlement Agreement (ECF No. 20-3) as the best notice practicable under the circumstances for distribution to all putative members of the Rule 23 Class and Collective Class and approving that the provision of the Notice of Class Action Settlement by mail constitutes valid, due, and sufficient notice to Rule 23 Class and Collective Class Members in full compliance with applicable law, including the due process clause of the United States Constitution;

6. an Order that Defense Counsel must produce a class list to Class Counsel as a Microsoft Excel spreadsheet including each putative Class Member's name, street address, city, state, zip code, and phone number (with each piece of data as a separate column) within seven (7) days of the Court's Order granting preliminary approval of the settlement in this matter;

7. an Order that Class Counsel must mail the Notice of Class Action Settlement to the Class Members within seven (7) days of the Defense Counsel providing a class list as set forth in Paragraph 6 above;

8. an Order that putative members of the Collective Class may file a Consent Form within thirty (30) days of Notice's mailing in order to assert their FLSA claims as set forth in this matter;

9. an Order that individuals who wish to exclude themselves from the FED. R. CIV. P. 23 settlement must opt-out per the instructions set forth in the Notice within thirty (30) days of the mailing of the Notice;

10. an Order that any individual who does not exclude themselves from the FED. R. CIV. P. 23 settlement shall be bound by the Court's Order Finally Approving the Settlement;

11. an Order that any Rule 23 Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than thirty (30) days after the mailing of the Notice, together with copies of all papers in support of his or her position; and

12. an Order that Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs at least twenty-one (21) days prior to the Fairness Hearing scheduled for September 13, 2018, and a direction that a supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees, if any, be filed at least seven (7)

days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel and whether to finally approve the settlement agreement as a fair, reasonable, and adequate resolution of bona-fide disputes under the FLSA and Wisconsin law.

Dated this 2nd day of July, 2018.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| _s/ Matthew R. Jelenchick_ | _s/ Larry A. Johnson_ |
| Matthew R. Jelenchick, SBN 1037765 | Larry A. Johnson, SBN 1056619 |
| mjelenchick@nieblerpyzyk.com | ljohnson@hq-law.com |
| James J. Carrig, SBN 1023950 | Summer H. Murshid, SBN 1075404 |
| jcarrig@nieblerpyzyk.com | smurshid@hq-law.com |
|  | Timothy P. Maynard, SBN 1080953 |
|  | tmaynard@hq-law.com |
| Niebler, Pyzyk, Carrig, Jelenchick & Hanley LLP | Hawks Quindel, S.C. |
| N94W17900 Appleton Avenue, Suite 200 | 222 E Erie Street, Suite 210 |
| P.O. Box 442 | P.O. Box 442 |
| Menomonee Falls, WI 53052-0444 | Milwaukee, WI 53202 |
| (414) 271-6560 (office) | (414) 271-8650 (office) |
| (414) 277-0656 (facsimile) | (414) 271-8442 (facsimile) |
| **Attorneys for Defendant** | **Attorneys for Plaintiffs** |